FILED
VANESSA L. ARMSTRONG, CLERK

JUN 15 2019

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### OWENSBORO DIVISION

**CRIMINAL ACTION NO. 4:17-CR-00010-JHM**

**UNITED STATES OF AMERICA**                                      **PLAINTIFF**

**VS.**

**WILLIAM DUKES, JR.**                                                  **DEFENDANT**

## JURY INSTRUCTIONS

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Government has proven its case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

## I. GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments.

However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

The defendant is presumed innocent. The presumption of innocence remains with him unless the government presents evidence that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty. The defendant has no obligation to present any evidence at all or to prove to you in any way that he is innocent. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, then say so by returning a guilty verdict. If you are not convinced, then say so by returning a not guilty verdict.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

2



## WHAT IS NOT EVIDENCE

You must remember that the indictment is not evidence of any guilt. It is simply the formal way the government tells a defendant what crime he is accused of committing. It does not even raise any suspicion of guilt and you may not consider it as such. Furthermore, the following things are not evidence and you may not consider them in deciding what the facts are:

1) Arguments and statements by lawyers are not evidence;

2) Questions and objections by lawyers are not evidence;

3) Testimony I have instructed you to disregard is not evidence; and,

4) Anything you may have seen or heard when the Court was not in session is not evidence.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or



prejudice they may have; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

All of these are matters for you to consider in deciding the facts.

## SEPARATE CONSIDERATION OF CHARGES

The defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for

each one.   For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.   Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS

You have heard the testimony of Michael Schwendeman and Thomas Szurlinski, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.   As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.   As to the testimony on opinions, you do not have to accept Schwendeman's or Szurlinski's opinions. In deciding how much weight to give them, you should consider the witnesses' qualifications and how they reached their conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## TESTIMONY OF DEFENDANT

You have heard the defendant testify.   Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.   And I suggested some things for you to consider in evaluating each witness's testimony.   You should consider those same things in evaluating the defendant's testimony.

I will now explain the elements of the crime that the Defendant is accused of committing.

## II. RULES OF LAW

## INSTRUCTION NO. 1

Count 1 of the Indictment charges the defendant with deprivation of rights under color of law, in violation of 18 U.S.C. § 242. For you to find the defendant guilty of the crime charged in Count 1, you must find that the government has proven each of the following three elements beyond a reasonable doubt:

**First,** that the defendant acted under color of law;

**Second,** that the defendant deprived someone in the United States of a right secured or protected by the Constitution or laws of the United States. In Count 1, the charge is that the defendant deprived Jeffrey Littlepage of his right to be free from an unreasonable seizure, including the right not to be seized without probable cause; and

**Third,** that the defendant acted willfully.

If you are convinced beyond a reasonable doubt that the government has proven all three elements with respect to Count 1, then you may say so by returning a guilty verdict on that charge. Otherwise, you must find the defendant not guilty of that charge.



# INSTRUCTION NO. 2

Count 2 of the Indictment charges the defendant with deprivation of rights under color of law, in violation of 18 U.S.C. § 242. For you to find the defendant guilty of the crime charged in Count 2, you must find that the government has proven each of the following three elements beyond a reasonable doubt:

**First,** that the defendant acted under color of law;

**Second,** that the defendant deprived someone in the United States of a right secured or protected by the Constitution or laws of the United States. In Count 2, the charge is that the defendant deprived Jeffrey Littlepage of his right to free speech and to petition the government for redress of grievances, which includes the right to complain about the actions of a public official; and

**Third,** that the defendant acted willfully.

If you are convinced beyond a reasonable doubt that the government has proven all three elements with respect to Count 2, then you may say so by returning a guilty verdict on that charge. Otherwise, you must find the defendant not guilty of that charge.



## INSTRUCTION NO. 3

### Element One – Color of Law

The first element the government must prove with respect to Counts 1 and 2 is that the defendant acted under color of law. A person acts under color of law if he is an official or employee of a federal, state, or local government and he uses or abuses power he possesses because of his official position. A government official, such as a police officer, acts "under color of law" if he is performing his official duties, purporting to perform those duties, or giving the appearance of performing such official duties, even if he misuses or abuses his official authority by doing something the law forbids.

If you find that the defendant was employed as an officer with the City of Providence Police Department, and that he was acting, purporting to act, or giving the appearance of acting as a police officer, then you may find that he was acting under color of law.



# INSTRUCTION NO. 4

## Element Two – Deprivation of a Constitutional Right

The second element the government must prove with respect to Counts 1 and 2 is that the defendant deprived a person in the United States of a right secured or protected by the Constitution or laws of the United States.

Count 1 of the Indictment alleges that the defendant deprived Jeffrey Littlepage of his Fourth Amendment right to be free from unreasonable seizure. The Fourth Amendment to the United States Constitution protects individuals from being subject to unreasonable seizure by someone acting under color of law. A seizure of a person occurs when a government official, such as a police officer, intentionally deprives the person of his or her freedom of movement. For example, a police officer's voluntary conversation with a person is not a seizure, but an officer's act of physically stopping a person to place him under arrest is a seizure.

A seizure of a person violates the Fourth Amendment if it is done in an objectively unreasonable manner. Whether a seizure is objectively unreasonable must be judged from the perspective of a reasonable officer on the scene, faced with the same facts and circumstances as the defendant-officer, rather than with 20/20 hindsight.

One way in which a seizure is unreasonable is if an officer initiates an arrest without probable cause to believe that the person arrested committed a crime. Count 1 of the Indictment alleges that the defendant unreasonably seized Jeffrey Littlepage in this manner.

Specifically, Count 1 alleges that the defendant unreasonably arrested Littlepage for "harassing communications" despite the defendant knowing that, under Kentucky law, he did not have probable cause to believe that Littlepage had committed a crime. Probable cause to arrest



exists if an objectively reasonable police officer would conclude, based on all of the surrounding circumstances, that there was a fair probability that the person being arrested had committed or was committing a crime. In order for you to evaluate whether the defendant had probable cause to seize Littlepage, you must consider the elements of the offense for which the defendant eventually arrested him.

The Kentucky offense of "harassing communications" by telephone has three elements: (1) that the telephone communication is done in a manner which causes annoyance or alarm to the recipient, (2) the call serves no purpose of legitimate communication, and (3) that the person initiating the telephone communication does so with the intent to intimidate, harass, annoy, or alarm another person.

If you find that the defendant seized Littlepage, and that an objectively reasonable officer in the defendant's position would not have had probable cause to believe that Littlepage had committed the crime of harassing communications, then you may find that the defendant's seizure of Littlepage was unreasonable and violated the Fourth Amendment. Otherwise, the defendant's seizure of Littlepage was reasonable and did not violate the Fourth Amendment.

Count 2 of the Indictment alleges that the defendant deprived Jeffrey Littlepage of his constitutional right to free speech and to petition the government for a redress of grievances. The First Amendment of the Constitution protects the rights of individuals to complain about public officials, which includes the right to complain to the government about the conduct of public officials without being retaliated against for those complaints. If an objectively reasonable officer did not have probable cause to arrest an individual, an officer is prevented by the First Amendment from arresting that individual in retaliation for complaints against government



officials.

      If you find that the defendant arrested Littlepage to retaliate against him for having exercised his right to complain against the defendant, or to deter Littlepage from continuing to exercise that right, and that the defendant did not have probable cause to arrest him for another crime, you may find that the defendant deprived Littlepage of his rights under the First Amendment.



## INSTRUCTION NO. 5

### Element 3 - Willfulness

The third element the government must prove with respect to Counts 1 and 2 is that the defendant acted willfully. A person acts willfully if he acts voluntarily and intentionally, with the specific intent to do something the law forbids. Regarding Count 1 of the Indictment, you may find that the defendant acted willfully if you find that he acted in open defiance or reckless disregard of Jeffrey Littlepage's right to be free from unreasonable seizure. In other words, the defendant acted willfully if he seized Littlepage knowing that he did not have probable cause to do so. Regarding Count 2 of the Indictment, you may find that the defendant acted willfully if you find that he acted in open defiance or reckless disregard of Littlepage's right to free speech and to petition the government for grievances. In other words, the defendant acted willfully if he arrested Littlepage in retaliation for Littlepage's complaints against him and attempts to lodge those complaints with the City of Providence Police Department and other law enforcement entities.

Intent is a state of mind. Often a defendant's state of mind cannot be proven directly because no one can read another person's mind and tell what that person is thinking. Therefore, state of mind can often be proven only by circumstantial evidence, based on the surrounding circumstances.

In determining whether the defendant acted willfully, you may consider any facts or circumstances you deem relevant to shed light on what was in the defendant's mind. For example, you may consider the manner in which any constitutional violation was carried out and the duration of any constitutional violation. You may also consider what the defendant said; what the defendant did or failed to do; how the defendant acted; and whether the defendant knew, through



training or experience, that his actions violated law or department policy.

In considering the defendant's state of mind, you may infer that the defendant intended the natural and probable results of any acts he knowingly took or knowingly failed to take. In other words, you may infer that the defendant intended the consequences that a reasonable law enforcement officer, standing in similar circumstances and possessing similar knowledge, would have expected to result from his actions. However, it is entirely up to you to decide what facts to find and what inferences to make from the evidence.

It is not a defense that the defendant may also have been motivated by anger or some other emotion, provided that the intent that I have described to you was present. You may, however, consider such motivations -- as well as any malice displayed by the defendant -- in determining whether the defendant acted willfully, as I have described that term to you.



## INSTRUCTION NO. 6

### Willfulness and Evidence on Policies and Training

The government has introduced evidence of training the defendant received at the Kentucky Department of Criminal Justice Training. This evidence has been admitted for a limited purpose. You may use it only to determine whether the defendant acted willfully, as I have just described that state of mind to you.

It is, of course, wholly up to you to determine whether the defendant violated any rule or acted in contravention of his training. If you find that he acted in contravention of policies or training, then I caution you that not every instance of inappropriate behavior on the part of a police officer rises to the level of a federal constitutional violation. It is possible for a law enforcement officer to violate department policy or act contrary to his training without violating the United States Constitution, just as it is possible for an officer to violate the Constitution without violating a specific state law or policy. For this reason, proof that the defendant violated department policy, or acted contrary to training is relevant to your determination of willfulness, but it does not necessarily prove that the defendant violated Jeffrey Littlepage's constitutional rights.

In other words, if you determine that the defendant violated a policy of the City of Providence Police Department, or acted contrary to his training, you should consider that evidence only in determining whether that defendant acted willfully; you should not consider that evidence in determining whether the defendant's actions violated the Constitution in the first instance.



# INSTRUCTION NO. 7

## Willfulness and Evidence on Kentucky Law

You have also heard a great deal of evidence regarding the law in Kentucky relating to the authority of peace officers to arrest for misdemeanors. Harassing communications is classified as a misdemeanor. KRS § 431.005 provides that a peace officer may make an arrest without a warrant when the misdemeanor has been committed in the officer's presence. However, KRS § 431.015(1)(b)(3) provides that a peace office may make an arrest instead of issuing a citation for a misdemeanor committed in his or her presence if the misdemeanor is an offense in which the defendant refuses to follow the peace officer's reasonable instructions.

It is, of course, wholly up to you to determine whether the defendant violated Kentucky law in making an arrest of Jeffrey Littlepage for the misdemeanor offense of harassing communications. As before, however, I caution you that not every violation of state law by a police officer rises to the level of a federal constitutional violation. It is possible for a law enforcement officer to violate state law without violating the United States Constitution, just as it is possible for an officer to violate the Constitution without violating a specific state law. For this reason, proof that a defendant violated a state law may be relevant to your determination of willfulness, but it does not necessarily prove that defendant violated Littlepage's constitutional rights.

In other words, if you determine that the defendant violated the law with respect to misdemeanor arrests, you should consider that evidence only in determining whether the defendant acted willfully; you should not consider that evidence in determining whether the defendant's actions violated the Constitution in the first instance.



# INSTRUCTION NO. 8

## Entry into House and Use of Force

You have also heard testimony that the defendant arrested Jeffrey Littlepage in his home. A police officer may not enter a person's home to arrest a person unless one of three things is true: (1) the officer has gotten an arrest warrant authorized by a judge, (2) the person has given the officer consent to enter his or her home, or (3) there are exigent circumstances. Exigent circumstances may include a serious threat to someone's health or safety, the imminent destruction of evidence, or the hot pursuit of a fleeing suspect.

It is entirely up to you to decide whether the defendant was authorized to enter Jeffery Littlepage's home to make the arrest, but again, it is only relevant insofar as you believe it relates to the defendant's state of mind. In other words, you must remember that the defendant is not charged with entering illegally into the home of Littlepage. He is only charged with arresting Littlepage without probable cause in violation of the Fourth Amendment and in retaliation of Littlepage's exercise of his First Amendment rights. If you believe that the defendant entered the home illegally, you may consider that insofar as it may relate to the issue of the defendant's state of mind, but it is not otherwise relevant to the crimes charged in ~~the~~ indictment. And even if you should find that the defendant entered the home ~~illegally,~~ *legally (gkm)* the question for you to decide under Count 1 is whether there was probable cause to make the arrest in the first place.

You have also heard a great deal of evidence with respect to the force used by the defendant in making the arrest. Remember, the defendant is not charged with excessive use of force and you should be careful not to convict the defendant on Count 1 or 2 simply because you might find he used more force than was necessary in arresting Jeffery Littlepage. And even if you

16



should find that the use of force was justified, the question for you to decide under Count 1 is whether there was probable cause to make the arrest in the first place.   You may consider the use of force, but only insofar as it may relate to the defendant's state of mind, that is, whether the Defendant acted willfully.



## INSTRUCTION NO. 9

### Bodily Injury and Use of a Dangerous Weapon

If you find the defendant guilty of Count 1, you must then decide whether the government has proved beyond a reasonable doubt that the defendant's conduct resulted in bodily injury to Jeffrey Littlepage, and whether it involved the use of a dangerous weapon. Likewise, if you find the defendant guilty of Count 2, you must then decide whether the government has proved beyond a reasonable doubt that the defendant's conduct resulted in bodily injury to Littlepage and whether it involved the use of a dangerous weapon.

Counts 1 and 2 of the Indictment charge both that the offense resulted in bodily injury to Littlepage and that the offense involved the use of a dangerous weapon. However, the government does not have to prove both that the offense resulted in bodily injury and that a dangerous weapon was used. Proof beyond a reasonable doubt of one of these factors is enough to prove this element, as long as all twelve of you agree that the same factor has been proved. That is, all of you must agree that the government proved beyond a reasonable doubt that the offense resulted in bodily injury; or, all of you must agree that the government proved beyond a reasonable doubt that the offense involved the use of a dangerous weapon. If all of you unanimously agree that the government has proven one or both of these factors beyond a reasonable doubt, then this element has been satisfied.

"Bodily injury" includes any injury to the body, including physical pain or a physical injury, such as a cut, abrasion, bruise, fracture, or disfigurement. The injury need not be significant, severe, or permanent. The government does not need to prove that a defendant intended to cause bodily injury, or that a defendant's acts were the sole cause of bodily injury.



A "dangerous weapon" is any instrument capable of inflicting death or serious bodily injury, including extreme physical pain.



# INSTRUCTION NO. 10

Count 3 of the Indictment charges the defendant with knowingly falsifying or making a false entry in a record or document with the intent to impede, obstruct, or influence the investigation or proper administration of a matter within the jurisdiction of any department or agency of the United States, in violation of 18 U.S.C. § 1519. For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

**First,** that the defendant knowingly falsified or made a false entry in a record or document;

**Second**, that the defendant, acting in relation to or in contemplation of the investigation or proper administration of a matter, intended to impede, obstruct, or influence the investigation or proper administration of that matter; and

**Third**, that the matter was within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States.

A defendant falsifies or makes a false entry in a document or record by including within that document or record any untrue statement, or by omitting from that document or record any material fact. A defendant acts "knowingly" if he voluntarily and intentionally falsifies or makes out the false entries, knowing they are false and not because of a mistake or accident.

There is no requirement that the matter or investigation have been pending or imminent at the time of the obstruction, but only that the acts were taken in relation to or in contemplation of any such matter or investigation. There is also no requirement that the falsification would naturally or probably result in obstruction of the investigation.

In order to meet its burden, the government does not have to prove that the defendant

20



specifically knew that the matter or investigation was within the jurisdiction of the Federal Bureau of Investigation. In other words, the government does not have to prove that the defendant knew he was obstructing an investigation that was federal in nature.



# INSTRUCTION NO. 11

You have heard evidence that the defendant made statements in which the government claims he admitted certain facts. It is for you to decide whether the defendant made that statement, and if so, how much weight it deserves. In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it. You may not convict the defendant solely upon his own uncorroborated statement or admission.



# INSTRUCTION NO. 12

Although the indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged. In other words, the word "and" in the indictment should be read to mean "or." For example, Count 2 alleges that the defendant arrested Littlepage "to retaliate against J.L. for him having exercised his right to complain against Defendant Dukes . . . and to deter J.L. from continuing to exercise that right." The government need only prove, however, that the defendant arrested Littlepage to retaliate against Littlepage for him having exercised his right to complain  against Defendant Dukes or to deter Littlepage from continuing to exercise that right. Similarly, Counts 1 and 2 allege that the offenses with which the defendant is charged "involved the use of a dangerous weapon and resulted in bodily injury." The government need only prove, however that the offenses the defendant is charged with involved the use of a dangerous weapon or resulted in bodily injury. Of course, these elements must still be proven beyond a reasonable doubt.

## INSTRUCTION NO. 13

The Indictment charges that the crime occurred "on or about" a certain date. Although the government does not have to prove with certainty the exact date of the alleged offense, the government must prove that the offense was committed on a date reasonably near the date alleged.



**INSTRUCTION NO. 14**

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.



### III. JURY DELIBERATIONS

I come now to the last part of the instructions, the rules for your deliberations.

### UNANIMOUS VERDICT

When you retire to the jury room, you will discuss the case with your fellow jurors to reach agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court. Your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt. To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous.

### REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with each other, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has



favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think that is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## NOTES

Now I'd like to say something about the notes you may have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your independent recollection of the proceeding, and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have used notes or not, each of you must form and express your own opinion of the facts of the case.

You'll notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## RETURN OF VERDICT FORM

After you have reached unanimous agreement on a verdict, your foreperson will fill in the verdict form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.



## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

